**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JUSTIN STANDARD,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 2: 23-cv-02303-SHM-cgc** |
| **WENDY CORNEJO,** | ) | |
| **Defendant.** | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE**

Before the Court is the Report and Recommendation ("the Report") issued by the Magistrate Judge recommending that the Court sua sponte dismiss Plaintiff Justin Standard's complaint under Federal Rule of Civil Procedure 4(m) or Rule 41(b). (ECF No. 18.) Plaintiff has filed timely objections. (ECF No. 20.) Plaintiff has also filed a motion for extension of time to perfect service under Rule 4(m). (ECF No. 21.) For the reasons discussed below, the Court DENIES Plaintiff's motion for extension of time to perfect service. The Court ADOPTS the Report and DISMISSES Plaintiff's complaint WITHOUT PREJUDICE under Rule 4(m).

## I. Background

On May 1, 2023, Plaintiff filed a pro se complaint alleging various violations of his constitutional rights based on a one-year period of pretrial detention, from July 2021 to May 2022, that concluded with an acquittal on all charges. (ECF Nos. 1, 12.) Plaintiff brings his claims against the Assistant United States Attorney who prosecuted him, Defendant Wendy Cornejo, in her individual capacity under Bivens v. Six Unknown Federal Agents, 403 U.S. 388 (1971).

On June 6, 2023, Plaintiff paid the filing fee after being denied leave to proceed in forma pauperis. (ECF Nos. 7-8.) On June 7, 2023, the Clerk's Office mailed three blank summonses to Plaintiff. Plaintiff presented one completed summons to the Clerk of Court addressed to "Wendy K. Cornejo (IL #6281679)" at "167 North Main, Suite 800." (ECF No. 9.) On June 28, 2023, the Clerk of Court issued the summons to Plaintiff for service on Defendant. (Id.) On September 14, 2023, Plaintiff filed a United States Postal Service receipt showing that an item had been sent to "Memphis, TN 38103" by Priority Mail on September 6, 2023, as proof of service. (ECF No. 10.)

There was no further activity in Plaintiff's case for nearly two years. Then, on July 22, September 17, and October 23, 2025, Plaintiff filed letters with the Court expressing concern about the significant lapse of time since he had filed his complaint

and served Defendant and inquiring how to move forward with his case. (ECF Nos. 11-13.)

On October 23, 2025, the Magistrate Judge issued a show cause order identifying two Rule 4 deficiencies in Plaintiff's service of the complaint and summons. (ECF No. 14.) First, Plaintiff failed to submit proof of service on Defendant by server's affidavit, as required by Rule 4(l)(1). (Id.) Second, Plaintiff failed to serve the United States, in addition to Defendant, as required by Rule 4(i). (Id.) The Magistrate Judge ordered Plaintiff to show cause within fourteen (14) days why the Magistrate Judge should not enter a Report and Recommendation recommending Plaintiff's complaint be dismissed without prejudice for failure to comply with Federal Rule of Civil Procedure 4. (Id.) The show cause order warned that failure to respond "will result in a recommendation for dismissal of this case for failure to prosecute." (Id.) The time to respond to the show cause order expired on November 6, 2025. Plaintiff did not respond.

On April 7, 2026, Plaintiff filed a motion for default judgment against Defendant. (ECF No. 15.) On July 13, 2026, Plaintiff filed two duplicative motions seeking expedited consideration of his motion for default judgment. (ECF Nos. 16-17.) Plaintiff did not acknowledge the Court's show cause order in any of his three motions.

On July 17, 2026, the Magistrate Judge issued the Report and Recommendation addressing Plaintiff's failure to respond to the Court's show cause order or otherwise address the deficiencies in service identified in that order. (ECF No. 18.) The Report recommends that Plaintiff's complaint be dismissed (1) without prejudice under Rule 4(m) for failure to timely perfect service, or (2) with prejudice under Rule 41(b) for failure to prosecute. (Id.)

## II. Standard of Review

### A. Report and Recommendation

Pursuant to Federal Rule of Civil Procedure 72(b)(1), for pretrial matters dispositive of a claim, a magistrate judge must enter a recommended disposition. Fed. R. Civ. P. 72(b)(1); LR 72.1(g)(2). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); L.R. 72.1(g)(2).

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Notes; see also Thomas v. Arn, 474 U.S. 140, 150 (1985). When a timely objection is filed, "[a] district judge must determine de novo any part of a Magistrate Judge's disposition that has been properly objected to." Fed.

R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); L.R. 72 (g)(2). The objection should include how the report's analysis is wrong, why it is wrong, and how de novo review will cause a different result on the particular issue. See Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991); see also Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). On de novo review of an issue properly objected to, the Court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. See Fed. R. Civ. P. 72(b)(3); LR 72.1(g)(2).

**B. Rule 4 Service**

Federal Rule of Civil Procedure 4 establishes "both the proper methods of serving a [summons and] complaint and the deadline for doing so." Thomas v. Navient Sols., Inc., No. 2:17-cv-12232, 2018 WL 3141946, at *2 (E.D. Mich. June 27, 2018). A plaintiff is responsible for ensuring that service of the complaint and summons complies with Rule 4. See Fed. R. Civ. P. 4(c)(1), 4(m). Nelson v. Memphis-Shelby Cnty. Schools, No. 2:23-cv-02771-SHL-cgc, 2024 WL 4276067, at *2 (W.D. Tenn. Sept. 24, 2024) ("Pro se plaintiffs, like other litigants, must effectuate proper service.")

**1. Method of Service**

The method of service required by Rule 4 differs for different classes of defendants. See Fed. R. Civ. P. 4(e)-(j);

Long v. Finch, No. 14-13269, 2015 WL 1637517, at *4 (E.D. Mich. Apr. 13, 2015).

A United States officer or employee sued for an act or omission occurring in connection with duties performed on the United States' behalf must be served according to Rule 4(i). Fed. R. Civ. P. 4(i). Rule 4(i) provides that, if the federal officer or employee is sued in an individual capacity, the summons and complaint must be served on both (1) the individual officer or employee using the methods for serving individuals in Rule 4(e), and (2) the United States in the manner provided in Rule 4(i)(1). Fed. R. Civ. P. 4(i)(3).

Under Rule 4(e), service on an individual must be completed using one of three methods. Fed. R. Civ. P. 4(e)(2). The summons and complaint must be: (1) delivered to the individual personally, (2) left "at the individual's dwelling or usual place of abode with someone . . . who resides there," or (3) delivered to "an agent authorized . . . to receive service of process." Fed. R. Civ. P. 4(e)(2)(A)-(C). Alternatively, Rule 4(e) permits an individual to be served using the methods of service permitted by state law. Fed. R. Civ. P. 4(e)(1).

Under Rule 4(i)(1), to serve the United States, the summons and complaint must be served on both (1) the United States Attorney for the district where the action is brought

and (2) the Attorney General of the United States. Fed. R. Civ. P. 4(i)(1)(A)-(B). To serve the U.S. Attorney, the summons and complaint must be (1) delivered to the U.S. Attorney[1] or (2) sent by registered or certified mail to the civil-process clerk at the U.S. Attorney's office. Fed. R. Civ. P. 4(i)(1)(A)(i)-(ii). To serve the U.S. Attorney General, the summons and complaint must be sent by registered or certified mail to the U.S. Attorney General at Washington, D.C. Fed. R. Civ. P. 4(i)(1)(B).

### 2. Deadline for Service

Under Rule 4(m), a plaintiff must properly serve a defendant within ninety days after the complaint is filed. Fed. R. Civ. P. 4(m). If a plaintiff fails to properly serve a defendant within the ninety-day window, Rule 4(m) provides that:

> [T]he court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

[1] For service under Rule 4(e) or Rule 4(i)(1), "delivery" refers to personal service, i.e. in-person, hand delivery, and not service by mail. Goings v. DEA, No. 3:23-cv-00714, 2025 WL 2155799, at *6 (M.D. Tenn. July 29, 2025) report and recommendation adopted, No. 3:23-cv-00714, 2025 WL 2408823 (M.D. Tenn. Aug. 20, 2025); Fox v. United States Postal Serv., No. 19-1450, 2019 WL 8619622, at *3 (6th Cir. Oct. 30, 2019).

"The Sixth Circuit has interpreted this language to require a two-step analysis in cases where the plaintiff fails to effect service within the ninety-day window." Tanksley v. Tennessee Valley Authority, No.: 1:16-CV-487-TAV-SKL, 2017 WL 6391473, at *3 (E.D. Tenn. Dec. 14, 2017); Mnzava v. Diverse Concepts, LLC, No. 3:14-CV-386-TAV-CCS, 2015 WL 6449656, at *2 (E.D. Tenn. Oct. 26, 2015).

"First, the Court 'must determine whether the plaintiff has shown good cause for the failure to effect service,' and if so, must grant a mandatory extension of time." Tanksley, 2017 WL 6391473, at *3 (citing Stewart v. TVA, 238 F.3d 424, 2000 WL 1785749, at * 1 (table) (6th Cir. Nov. 21, 2000)); United States v. Oakland Physicians Med. Ctr., LLC, 44 F.4th 565, 568 (6th Cir. 2022). "Second, if the plaintiff has not shown good cause, the Court must either dismiss the action without prejudice or order that service be made within a specified time." Mnzava, 2015 WL 6449656, at *2 (citing Henderson v. United States, 517 U.S. 654, 663 (1996) ("[C]ourts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'"); Oakland, 44 F.4th at 568.

**III. Analysis**

**A. Dismissal Under Rule 4(m)**

The Magistrate Judge has concluded that Plaintiff's service did not comply with Rule 4 for two reasons: (1) Plaintiff failed

to submit a server's affidavit to prove service on individual Defendant Cornejo as required by Rule 4(l), and (2) Plaintiff failed to serve the United States as required by Rule 4(i)(3). (ECF No. 18.) The Magistrate Judge concludes that those failures merit dismissal of Plaintiff's complaint under Rule 4(m). (Id.)

Plaintiff does not object to the Report's finding that he failed to serve the United States as required by Rule 4(i).[2] (ECF No. 20.) However, Plaintiff objects to the Report's conclusion that his failure to comply warrants dismissal. (Id.) He asks the Court to exercise its discretion to grant an extension of time. (Id.)

Because Plaintiff has not objected, the Court reviews the Report's finding that Plaintiff did not comply with Rule 4 for clear error. The Court reviews the Report's conclusion that Plaintiff's failure to comply with Rule 4 warrants dismissal under Rule 4(m) de novo.

### 1. Whether Plaintiff Properly Served Defendant

On clear error review, the Court agrees with the Report's finding that Plaintiff's service on Defendant was not consistent with Rule 4, but for a different reason.

The Report finds that Plaintiff's service on Defendant did not comply with Rule 4(l). (ECF No. 18.) Plaintiff failed to

[2] Plaintiff does not address his failure to file a completed server's affidavit.

submit a server's affidavit. The requirement that proof of service be made by a server's affidavit is not satisfied by the USPS Priority Mail receipt Plaintiff filed. See Campbell v. Rutherford Cnty., Tenn., No. 3:17-cv-00797, 2018 WL 403056, at *4 (M.D. Tenn. Aug. 23, 2018) (explaining that Rule 4(l) requires a server's affidavit so that service can be proven through the server's sworn declaration that service was completed as described under penalty of perjury), report and recommendation adopted, No. 3:17-cv-00797, 2018 WL 4776072 (M.D. Tenn. Oct. 2, 2018) However, Rule 4(l) expressly provides that submission of non-conforming proof of service "does not affect the validity of service." Fed. R. Civ. P. 4(l)(3).

Plaintiff's service on individual Defendant Cornejo is invalid under Rule 4(e). Plaintiff attempted to serve Defendant by mailing the summons and complaint via USPS Priority Mail to Defendant at her place of employment. Service by mail is not permitted by any of the three methods for service on an individual provided in Rule 4(e)(2). See Searcy v. Macomb Cnty. Jail, No. 2:10-CV-11242-DT, 2011 WL 7665794, at *2 (E.D. Mich.) ("This does not satisfy any of the provisions for service set forth in Rule 4(e)(2), because the methods of service set forth in Rule 4(e)(2) do not permit service by mail."), report and recommendation adopted, No. 2:10-CV-11242, 2012 WL 1230271 (E.D. Mich. Apr. 12, 2012).

Rule 4(e)(1) authorizes service on an individual under Tennessee law, which does permit service by mail. Fed. R. Civ. P. 4(e)(1); Tenn. R. Civ. P. 4.04(10), 4.03(2). However, the Tennessee Rules of Civil Procedure only permit service by certified or registered mail with return receipt requested. [3] Tenn. R. Civ. P. 4.04(10). "USPS Priority Mail is not a valid substitute." Johnson v. PennyMac Loan Servs., LLC, No. 3:23-cv-00875, 2024 WL 3184635, at *4 (M.D. Tenn. June 26, 2024), report and recommendation adopted, No. 3:23-cv-00875, 2024 WL 4664404 (M.D. Tenn. Nov. 4, 2024). Thus, Plaintiff's attempt to serve Defendant "satisfies neither the 'state law' prong of Rule 4(e)(1) nor the three methods described in Rule 4(e)(2)." Craddock v. Hennessee, No. 1:09-cv-14, 2010 WL 3851555, at *3 (E.D. Tenn. Sept. 27, 2010).

The Report also finds that Plaintiff failed to serve the United States as required by 4(i). Plaintiff admits he did not

[3] Service by mail under these provisions is complete only if the return receipt is signed by the defendant, or a person designated by Rule 4.04 or by statute. Tenn. R. Civ. P. 4.03(2); see also Hall v. Haynes, 319 S.W.3d 564, 577 (Tenn. 2010) (discussing "Rule 4.03's explicit restriction of who[ ] may sign the return receipt"). To prove service under Tenn. R. Civ. P. 4.04(10), 4.03(2), a plaintiff must file: (1) the original summons with an endorsement by the person making service over his or her signature which states the date of mailing and the date of receipt of the return receipt; (2) the signed return receipt, and (3) an affidavit by the person making service. Tenn. R. Civ. P. 4.03(2); Watkins v. United States, No. 3:25-CV-32-KAC-DCP, 2026 WL 2116956, at *1 (E.D. Tenn. Feb. 9, 2026).

attempt to serve the United States. The Court finds no clear error in the Report's conclusion.[4]

The Court ADOPTS the Report's finding that Plaintiff has not complied with the service requirements of Rule 4.

### 2. Whether Dismissal is Appropriate

On de novo review, the Court agrees with the Report's conclusion that dismissal of Plaintiff's complaint under Rule 4(m) is appropriate.

Because Plaintiff failed to respond to the October 23, 2025 show cause order directing him to explain his failure to provide proof of service on Defendant or to serve the United States, the Magistrate Judge lacked the information needed to make a good cause determination when she submitted her Report. See DeVane v. Hannah, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011) ("Plaintiff has not responded . . . , and the Court therefore has no explanation for the delay that it can evaluate for good cause.").

Plaintiff represents that his failure to serve the United States under Rule 4(i) "arose from Plaintiff's misunderstanding of the specialized service requirements applicable when a

[4] Even if Plaintiff had complied with Rule 4(e) in serving Defendant Cornejo, the failure to serve the United States "renders service upon [Defendant] incomplete and therefore invalid." See Oliver v. Trump, No. 5:25-CV-100-CHB, 2025 WL 2423332, at *7 (E.D. Ky. Aug. 21, 2025).

federal officer or employee is sued under Rule 4(i)." (ECF No. 20 at 8.) Plaintiff contends that, when he attempted service, he "believed that serving Defendant Wendy Cornejo by certified mail at her office and filing documentation reflecting that service substantially complied with the applicable rules." [5] (Id. at 7.) Plaintiff "requests that the Court consider this misunderstanding in light of his status as a self-represented litigant." (Id. at 8.) Plaintiff also asks the Court to consider his otherwise diligent prosecution of his case, the lack of demonstrable prejudice to Defendant, and the availability of other remedies to cure the defect without permanently foreclosing judicial review of his claim. [6] (Id. at 8, 9, 11.)

Because Plaintiff has provided an explanation for his failure to complete service, the Court must determine whether he has shown good cause. See Oakland, 44 F.4th at 568. If Plaintiff has demonstrated good cause for his failure, the Court must extend the deadline for service for an appropriate period rather than dismiss his case. Id. at 568. If Plaintiff has not shown good cause, the Court must decide whether to

[5] Plaintiff appears to confuse USPS Priority mail for certified mail. As already noted, USPS priority mail may not be used to effect service. See Johnson, 2024 WL 3184635, at *4.

[6] Plaintiff raises some of these arguments only in his objections to dismissal under Rule 41(b). The Court liberally construes them as raised under Rule 4(m).

dismiss his case or grant a discretionary extension of time. The Court makes these determinations de novo in the absence of findings in the Report.

**a. Good Cause**

Although Rule 4(m) does not define "good cause," the Sixth Circuit has "identified three scenarios constituting good cause under Rule 4(m): (1) when the defendant has intentionally evaded service; (2) when the district court has committed an error; and (3) when a pro se plaintiff suffers from a serious illness." Thul v. Haaland, No. 22-5440, 2023 WL 6470733, at *2 (6th Cir. Mar. 31, 2026) (citing Savoie v. City of East Lansing, No. 21-2684, 2022 WL 3643339, at *4 (6th Cir. Aug. 24, 2022)). "The common denominator in these situations 'is that something outside the plaintiff's control prevents timely service.'" Thul, 2023 WL 6470733, at *4 (citing Savoie, 2022 WL 3643339, at *4). None of those scenarios applies here.

Plaintiff's explanation for his failure to serve the United States amounts to a claim that he did not know the applicable service rules. "However, mistake or ignorance of the rules [for service of process] is not enough to establish good cause." Craddock, 2010 WL 3851555, at *3 (citing Moncrief v. Stone, 961 F.2d 595, 597 (6th Cir.1992)); Thul, 2023 WL 6470733, at *2 (ignorance of the rules is insufficient to establish good cause) (citing Johnson v. Smith, 835 F. App'x

114, 115 (6th Cir. 2021)). "[T]he fact that Plaintiff is proceeding pro se does not excuse his ignorance of the Federal Rules of Civil Procedure, and it is inadequate to support a finding of good cause." Spidle v. Hogan, No. 3:12-0983, 2013 WL 1504053, at *3 (M.D. Tenn. Apr. 12, 2013) (citation omitted); Covington v. Fresenius Med. Care, 3:24-cv-00182, 2025 WL 5145715, at *4 & 4 n.6 (M.D. Tenn. Aug. 6, 2025).

Plaintiff has not established good cause entitling him to a mandatory extension of time to complete service on Defendant.[7]

**b. Discretionary Factors**

"A finding that [] Plaintiff has not established good cause, however, does not end the Court's analysis." Anderson v. Oak Ridge Schools Bd. of Educ., No. 3:16-cv-235-HBG, 2017 WL 10431620, at 4 (E.D. Tenn. Mar. 21, 2017). The Court should decide whether to exercise its discretion to extend the time for service retroactively.

The Sixth Circuit has held that district courts should consider seven factors when deciding whether to grant a discretionary extension of time absent a finding of good cause:

[7] Rule 4(i) provides a separate, mandatory extension of time of time to perfect service where a plaintiff properly serves either the named defendant or the United States, but fails to serve the other. Fed. R. Civ. P. 4(i)(4). This exception does not apply because, as explained, Plaintiff has not properly served either.

> (1) whether an extension of time would be well beyond the timely service of process;
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
> (3) whether the defendant had actual notice of the lawsuit;
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
> (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and
> (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

Oakland, 44 F.4th 565 at 569.

It has been more than three years since Plaintiff filed his complaint. The extension would be "well beyond the timely service of process." Oakland, 44 F.4th at 569; see, e.g., Campbell, 2018 WL 4030568, at *5 (extension "significant" given lawsuit was filed "well over a year ago"); Winston v. Bechtel Jacobs Co., LLC, No. 3:13-CV-192-TAV-CCS, 2015 WL 1192704, at *5 (E.D. Tenn. Mar. 16, 2015) (first factor weighed against granting extension because plaintiff "did not serve defendants until approximately fourteen months after filing her complaint").

It does not appear from the record that that Defendant has actual notice of this action.

Plaintiff has not been diligent. He has failed to effect proper service in this case for more than three years. For nearly two years he did nothing. Plaintiff failed to correct the deficiencies in service even after they were identified in the Magistrate Judge's October 23, 2025 show cause order. Indeed, he failed to respond to that order. Jordan-Sodiq v. Social Sec. Admin., No. 3:25-cv-00288, 2025 WL 3091145, at *4 (M.D. Tenn. Nov. 4, 2025) ("Plaintiff's lack of diligent efforts to complete service after being notified of service deficiencies" weighed against granting extension).

The time constraints in the Federal Rules were established for a reason. The passage of time inevitably affects the ability to marshal proof. Memories fade. Documents and witnesses become unavailable. All parties are prejudiced. Where, as here, Plaintiff is at fault, Defendant should not be prejudiced by that fault.

Plaintiff's pro se status does not excuse him from following the rules or obeying the Court's orders. He is not entitled to additional latitude.

Although it is within the Court's discretion to extend the deadline for proper service of process, such an extension would not be appropriate here. See, e.g., Covington, 2025 WL 5145715, at *9 ("By allowing Plaintiff to proceed, the Court would effectively be turning a blind eye towards the fact that

Plaintiff failed to respond to the Magistrate Judge's Show Cause Order . . . and ultimately effectuated service of process 175 days late.”); Campbell, 2018 WL 403056, at *5 (“Plaintiff’s failure to follow the Court’s orders . . . weighs heavily in this analysis.”) Plaintiff’s motion for extension of time is DENIED.

**B. Dismissal Under Rule 41(b)**

The Report recommends that the Court dismiss Plaintiff’s claim under Rule 4(m) or Rule 41(b). Having decided to dismiss the case under Rule 4(m), The Court need not address the Report’s findings on Rule 41(b) and Plaintiff’s objections to those findings.

## IV. Conclusion

The Court DENIES Plaintiff’s motion for extension of time to perfect service. The Court ADOPTS the Magistrate Judge’s recommendation to dismiss Plaintiff’s complaint under Rule 4(m). Plaintiff’s complaint is DISMISSED WITHOUT PREJUDICE.

SO ORDERED this *21st* day of August, 2026.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE